**FILED**

VANESSA L. ARMSTRONG, CLERK

JUN 0 7 2018

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY



## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### (at Louisville)

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3:15-cr-119-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW S. STEPP, | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

# INSTRUCTION NO. 1

You have two main duties as jurors. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proven the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls. Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

# INSTRUCTION NO. 2

As you know, the defendant has pleaded not guilty to the crimes charged in the second superseding indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proven the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 4

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**INSTRUCTION NO. 5**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 6

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at

any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 7

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 8

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 9

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the second superseding indictment. Your job is limited to deciding whether the government has proven the crimes charged.

## INSTRUCTION NO. 10

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 11

Counts 1 through 8 of the second superseding indictment charge the defendant with mail fraud under 18 U.S.C. § 1341. For you to find the defendant guilty of mail fraud, you must find that the government has proven each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendant devised a scheme to defraud in order to obtain money or property;

(B) Second, that the scheme included a material misrepresentation or concealment of a material fact;

(C) Third, that the defendant had the intent to defraud; and

(D) Fourth, that the defendant used the mail in furtherance of the scheme.

Now I will give you more detailed instructions on some of these terms.

(A) A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(B) The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

(C) An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(D) A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(E) To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

(F) To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme, that the material transmitted by mail was itself false or fraudulent, or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

If you are convinced that the government has proven all of the elements, say so by returning a guilty verdict on these charges. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of these charges.

## INSTRUCTION NO. 12

The good faith of the defendant is a complete defense to the charge of mail fraud contained in Counts 1 through 8 in the second superseding indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

## INSTRUCTION NO. 13

Counts 9 through 11 of the second superseding indictment charge the defendant with trafficking in counterfeit goods under 28 U.S.C. § 2320(a)(1).

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

*First*: That the defendant trafficked or attempted to traffic in goods;

*Second*: That such trafficking, or attempt to traffic, was intentional;

*Third*: That the defendant used a counterfeit mark on or in connection with such goods; and

*Fourth*: That the defendant knew that the mark so used was counterfeit.

Now I will give you more detailed instructions on some of these terms.

(A) "Counterfeit mark" means

a spurious mark;

that is used in connection with trafficking in any goods that is identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office and in use, whether or not the defendant knew such mark was so registered;

that is applied to or used in connection with the goods for which the mark is registered with the United States Patent and Trademark Office, or is applied to or consists of a label, patch, sticker, wrapper, badge, emblem, medallion, charm, box, container, can, case, hangtag, documentation, or packaging of any type or nature that is designed, marketed, or otherwise intended to be used on or in connection with the goods or services for which the mark is registered in the United States Patent and Trademark Office; and

16

the use of which is likely to cause confusion, to cause mistake, or to deceive.

(B) "Traffic" means to transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to make, import, export, obtain control of, or possess, with intent to so transport, transfer, or otherwise dispose of; and

(C) "Financial gain" includes the receipt, or expected receipt, of anything of value.

If you are convinced that the government has proven all of the elements, say so by returning a guilty verdict on these charges. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of these charges.

**INSTRUCTION NO. 14**

Next, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that he was selling counterfeit bicycle helmets, then you may find that he knew that he was selling counterfeit bicycle helmets.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that he was selling counterfeit bicycle helmets, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

## INSTRUCTION NO. 15

Next, I want to explain something about possession. To establish actual possession, the government must prove that the defendant had direct, physical control over the bicycle helmets, and knew that he had control of them.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the bicycle helmets, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

## INSTRUCTION NO. 16

Next, I want to say a word about the date mentioned in the indictment.

The indictment charges that Counts 1 through 8 happened "on or about and between" May 7, 2014 and November 6, 2014. The indictment charges that Count 9 happened "between on or about" October 27, 2014, and continuing until "on or about" October 30, 2014. The indictment charges that Count 10 happened "on or about October 28, 2014." The indictment charges that Count 11 happened "on or about November 6, 2014." The government does not have to prove that each crime happened on those exact dates. But the government must prove that each crime happened reasonably close to those dates.

## INSTRUCTION NO. 17

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proven directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proven indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 18

That concludes the part of my instructions explaining the elements of the crime. Next I will explain some rules that you must use in considering some of the testimony and evidence.

## INSTRUCTION NO. 19

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

**INSTRUCTION NO. 20**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## INSTRUCTION NO. 21

You have heard testimony that the defendant committed acts other than the ones charged in the second superseding indictment. If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent, notice, and absence of mistake. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for those things that are charged in the second superseding indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

## INSTRUCTION NO. 22

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes.

You heard evidence that some of the helmets sold by the defendant may have failed safety standards. That evidence was admitted only as evidence on the issue of whether the helmets were counterfeit and on the issue of whether the defendant made a material misrepresentation or misrepresentations, and you may consider that evidence only in determining whether the helmets the defendant sold were counterfeit and whether the defendant made a material misrepresentation or misrepresentations.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose not specifically mentioned.

## INSTRUCTION NO. 23

The government and the defendant have agreed, or stipulated, to certain facts with regard to the chain of custody for the bicycle helmets, as well as to the counterfeitness of the three seized Catlike helmets. You will have a copy of the stipulations to take with you to the jury room. Therefore, you must accept the stipulated facts as proven.

## INSTRUCTION NO. 24

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. That should stay secret until you are finished.

# INSTRUCTION NO. 25

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Snapchat, Instagram, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these

restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## INSTRUCTION NO. 26

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## INSTRUCTION NO. 27

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

You will never have to explain your verdict to anyone. No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proven the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 28

If you decide that the government has proven the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proven the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 29

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

## INSTRUCTION NO. 30

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proven the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 31

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.